Mr. Justice Clayton
delivered the opinion of the court.
This was an action of covenant brought by the defendants in *90 error, against the plaintiff in error, for breach of warranty in regard to certain real estate. The alleged breach consisted of the recovery of dower in the premises by an order of the probate court of Adams county. Upon the trial the plaintiff in error offered to prove that the order of the probate court allotting the dower, was irregular and void, because of the want of notice of the application. The court below, decided that the defendant could introduce no testimony to show that the decree of the probate court was irregularly made, but that the same was final and binding and conclusive upon his rights.”
A judgment without notice, and without appearance of the party is a nullity. It may be shown to be so, even when it comes collaterally in question. In this case, however, it appears affirmatively by the record, that notice by publication had been given. • Objection to the sufficiency of this notice was made in the probate court, and the objection there overruled. An appeal was taken from that decision to this court, and the appeal was dismissed. The point in the case was therefore settled, so far as the parties to that proceeding were concerned. But according to the repeated adjudications of this court, the circuit judge went too far, when he held the decree of the probate court to be final and conclusive upon the rights of Enos. Farmers and Merchants Bank of Memphis v. Tappan and wife, 5 S. & M. 112; Holloman v. Holloman, Ib. 559; and James and wife v. Rowan and wife, 6 Ib. 393. It was clearly admissible for him to show that the land out of which the controversy grew, was not subject to the dower of Mrs. McComas, and it was error to preclude him from such defence. Although this was an incidental decision of the circuit judge, yet it was made the ground of exception, and had the effect to exclude all testimony as to the liability of the land to the dower right of Mrs. McGomas.
For this error the judgment will be reversed and the cause remanded for another trial.